**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>       Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF LABOR<br>200 Constitution Ave NW<br>Washington, DC 20210<br><br>       Defendant. | Civil Case No. 1:26-cv-1205 |

**COMPLAINT**

1.     Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Labor ("DOL") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOL's compliance with FOIA.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3.     Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4.     Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.      Defendant DOL is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  DOL has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

### A.  Request A - Tracking Number # 2025-F-16434

6.      On August 29, 2025, PPT submitted a FOIA request to DOL (herein referred to as "Request A" and attached as Exhibit A) requesting records from January 20, 2021, through January 20, 2025, for all records of communications involving James Frederick, Doug Park, Andrew Levinson, Egan Reich, Paloma Renteria, Patrick Malone, Rajesh D. Nayak, Terra Gaines, Jose Herrera, Julie Su, and Marty Walsh, concerning:

    a.  External entities/organizations:

        i.  Emily Andrews, Center for Law and Social Policy, clasp.org

        ii.  Nichelle Harriott, HEAL Food Alliance, healfoodalliance.org

        iii.  Ryan Papariello, Laborers' Health & Safety Fund of North America, lhsfna.org

        iv.  Anastasia Christman, National Employment Law Project, nelp.org

        v.  Betsy Lawton, Network for Public Health, networkforphl.org

        vi.  Margaret Poydock, Samantha Sanders and Ben Zipperer, Economic Policy Institute, epi.org

        vii.  David Arkush and Julie Fulcher, Public Citizen, citizen.org

viii.   Oscar Londono, We Count, we-count.org (herein collectively referred to as "External Organizations")

7.      On September 23, 2025, DOL acknowledged receipt of Request A, confirming it was received on September 4, 2025, and assigned it tracking number 2025-F-16434 (Exhibit B).

### B.  <u>Request B - Tracking Number #2025-F-16318</u>

8.      On September 3, 2025, PPT submitted another FOIA request to DOL (herein referred to as "Request B" and attached as Exhibit C) requesting all records from March 11, 2023, through January 20, 2025, for all communications to, from, and including Julie Su with External Organizations regarding the following search terms:

a.  "heat rule"

b.  "extreme heat"

c.  "heat illness"

d.  "heat death"

e.  "heat dangers"

f.  "heat stroke"

g.  "heat exposure"

9.      On September 24, 2025, DOL acknowledged receipt of Request B, confirming it was received on September 4, 2025, and assigned it tracking number 2025-F-16318 (Exhibit D).

### C.  <u>Request C - Tracking Number #2025-F-16316</u>

10.     On September 3, 2025, PPT submitted another FOIA request to DOL (herein referred to as "Request C" and attached as Exhibit E) requesting all records from March 2021, through March 2023, for all communications to, from, and including Marty Walsh with External Organizations regarding the following search terms:

a. "heat rule"

b. "extreme heat"

c. "heat illness"

d. "heat death"

e. "heat dangers"

f. "heat stroke"

g. "heat exposure"

11.     On September 24, 2025, DOL acknowledged receipt of Request C, confirming it was received on September 4, 2025, and assigned it tracking number 2025-F-16316 (Exhibit B).

**D.  No Response or Determination from DOL Regarding Requests A, B, and C**

12.     Request A, Request B, and Request C (herein collectively referred to as the Requests) seek documents in the public interest because they will help the public's understanding of DOL and its compliance with its own mission and responsibilities, and disclosure of the requested records will allow PPT to convey to the public information about how DOL officials communicate with organizations regarding heat-related issues.

13.     On October 3, 2025, and January 14, 2026, PPT sought updates on the Requests from DOL (Exhibit F).

14.     As of the date of filing, PPT has not received any further communication regarding the records from the Requests.

15.     DOL has still not made any determinations with regard to PPT's FOIA Requests despite over 217 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  DOL has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the

4

reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

16.   DOL has thus violated its FOIA obligations.

17.   Because DOL has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

18.   PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

19.   PPT's DOL requests discussed above were properly submitted for records within the possession, custody, and control of DOL.

20.   DOL is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to proper FOIA requests.

21.   DOL is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its requests.

22.   DOL's failure to provide all non-exempt responsive records violates FOIA.

23.   Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOL to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOL complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOL to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's requests and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

D) Grant PPT other such relief as the Court deems just and proper.

Dated: April 9, 2026                    Respectfully submitted,

                                        PROTECT THE PUBLIC'S TRUST

                                        By Counsel:
                                        /s/ Karin M. Sweigart

                                        Karin Moore Sweigart
                                        D.D.C. Bar ID: CA00145
                                        DHILLON LAW GROUP, INC.
                                        177 Post Street, Suite 700
                                        San Francisco, CA 94108
                                        Telephone: 415-433-1700
                                        KSweigart@Dhillonlaw.com

                                        *Counsel for the Plaintiff*